IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LUCAS JANTZ HADERMAN                                                                    PLAINTIFF

v.                      Civil No. 5:23-cv-05120-TLB-MEF

BRYNNA FENELLA BARNICA and the
BENTON COUNTY PROSECUTOR'S OFFICE                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Lucas J. Haderman, currently an inmate of the Benton County Detention Center, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.     BACKGROUND**

According to the allegations of the Complaint, beginning on or about September 11, 2017, Plaintiff contends his constitutional rights were violated when: he was improperly charged with burglary and theft of property; Defendants refused to provide him "the discoveries and/or motions"; and he was coerced into pleading guilty without the assistance of counsel. (ECF No. 1 at 4-5).

Plaintiff refers the Court to case number 2016-2300-1. Review of Arkansas Court records

1

indicate the correct case number is *State v. Haderman,* 04CR-16-2300.[1]  In that case, Plaintiff was charged by Information filed on February 2, 2017, with the offenses of residential burglary and theft of property.  He entered a negotiated plea of guilty on September 15, 2017.  Plaintiff was represented by a public defender throughout the proceedings.  Petitions to revoke his parole were filed on November 6, 2017, October 28, 2018, January 27, 2021, August 20, 2021, and November 2, 2022.  Plaintiff admitted the violations on the first four dates.  No resolution is listed for the November 2, 2022, violation.  Brynna Fenella Barnica is listed as one of the prosecuting attorneys.

Plaintiff alleges he was coerced into entering a plea agreement.  (ECF No. 1 at 4).  Plaintiff says he has suffered from mental health issues for years.  *Id.*  Plaintiff indicates he believes his public defender, Scott McElveen, was allowed to withdraw in the criminal case in March of 2017.  While a motion to withdraw was filed, the state court records indicate Plaintiff continued to be represented by Mr. McElveen through his sentencing and during the revocation proceedings.  Plaintiff was sentenced to probation.

Plaintiff states that the person whose property he was alleged to have stolen was not the property owner.  (ECF No. 1 at 5).  Plaintiff says the police reports contain this statement.  *Id.*  Plaintiff believes he was coerced into pleading guilty without the representation of counsel and for a non-existent crime.  *Id.*

As relief, Plaintiff asks to be taken off probation.  *Id.* at 9.  Plaintiff also seeks

---

[1] The Court takes judicial notice of the Arkansas state criminal case against Plaintiff, as obtained through the public records published in AOC Court Connect. https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_main.cp_main_idx.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records).

2

compensation for the mental anguish he has suffered.  *Id.*

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

Plaintiff's claims against Prosecutor Barnica must be dismissed because prosecutors are immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id*. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).  Plaintiff's

3

only involvement with Prosecutor Barnica was in connection with his state criminal case. These actions were taken in connection with her duties as a prosecuting attorney. Accordingly, Prosecutor Barnica is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit). Further, the Benton County Prosecuting Attorney's Office is not an entity subject to suit under § 1983. *See e.g., Crabtree v. Roseau County Sheriff Office*, Case No. 22-cv-0093, 2022 WL 1523691, *2 (D. Minn. March 17, 2022).

Finally, any claims Plaintiff has regarding the handling of his criminal case in 2017 would be barred by the applicable statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations, codified at Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cty, Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).

## IV.   CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the **Clerk** should be directed to place a § 1915(g) strike flag on the case for future judicial consideration. And,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of July 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE